MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: WENDY H. WASZMER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Tel.: (212) 637-2729
Fax: (212) 637-2717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JUAN BERROA and JESSYCA BERROA,

          Plaintiffs,

          v.

THE UNITED STATES OF AMERICA,

          Defendant.[1]
------------------------------------------------------------x

ECF CASE

07 Civ. 3521 (DAB)

ANSWER

Defendant United States of America ("the United States" or "defendant"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, answers the Complaint of plaintiffs Juan Berroa and Jessyca Berroa ("plaintiffs") on information and belief as follows:

PLAINTIFF JESSYCA BERROA (FIRST CAUSE OF ACTION)

1. Paragraph 1 of the Complaint sets forth plaintiffs' characterization of their claims in this case, to which no response is required. To the extent that a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

---

[1] The parties have submitted a Stipulation and Order for the Court's approval, dated July 5, 2007, dismissing plaintiffs' claims against individual defendants Olive Spencer and Alexander Navarro.

2. Defendant denies the allegations contained in paragraph 2 of the Complaint, except avers that plaintiff Jessyca Berroa submitted an administrative tort claim dated August 7, 2006, to the Drug Enforcement Administration ("the DEA"), and plaintiff Juan Berroa submitted an administrative tort claim dated November 28, 2006, to the DEA.

3. Defendant denies the allegations contained in paragraph 3 of the Complaint.

4. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that the DEA is an agency of the United States. The remaining allegations contained in Paragraph 5 of the Complaint set forth plaintiffs' characterization of their claims, to which no response is required.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint, except avers that plaintiff Juan Berroa submitted an administrative tort claim dated November 28, 2006, to the DEA.

7. Paragraph 7 of the Complaint sets forth conclusions of law, to which no response is required. To the extent that a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint sets forth conclusions of law, to which no response is required. To the extent that a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint,

except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD, a 1995 Toyota, was an official government vehicle.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint, and avers that Oliver Spencer is a fictitious name used by the DEA to register the motor vehicle bearing the New York registration number W402BD.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing the New York registration number W402BD.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing New York registration number W402BD.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint, and avers that Olive Spencer is a fictitious name used by the DEA to register the motor vehicle bearing the New York registration number W402BD.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing New York registration number W402BD.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing New York registration number W402BD.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

22. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing New York registration number W402BD came in contact with plaintiff Jessyca Berroa.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint sets forth plaintiffs' characterization of their damages in this case, to which no response is required. To the extent a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

<u>PLAINTIFF JUAN BERROA (SECOND CAUSE OF ACTION)</u>

30. Defendant repeats and realleges its responses in paragraphs 1-29 as if set forth fully herein.

31. Paragraph 31 of the Complaint sets forth plaintiffs' characterization of their claims in this case, to which no response is required. To the extent a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint, except avers that plaintiff Jessyca Berroa submitted an administrative tort claim dated August 7, 2006, to the DEA, and plaintiff Juan Berroa submitted an administrative tort claim dated November 28, 2006, to the DEA.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Defendant admits that the DEA is an agency of the United States. The remaining allegations contained in Paragraph 35 of the Complaint set forth plaintiffs' characterization of their claims, to which no response is required.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint, except avers that plaintiff Juan Berroa submitted an administrative tort claim dated November 28, 2006, to the DEA.

37. Paragraph 37 of the Complaint sets forth conclusions of law. To the extent a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint sets forth conclusions of law, to which no response is required. To the extent a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD, a 1995 Toyota, was an official government vehicle.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint, and except avers that Oliver Spencer is a fictitious name used by the DEA to register the motor vehicle bearing the New York registration number W402BD.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint, except avers that on December 1, 2004, Alexander Navarro operated the motor vehicle bearing the New York registration number W402BD.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing New York registration number W402BD.

43. Defendant denies the allegations contained in paragraph 43 of the Complaint.

44. Defendant admits the allegations contained in paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in paragraph 45 of the Complaint, and avers that Olive Spencer is a fictitious name used by the DEA to register the motor vehicle bearing the New York registration number W402BD.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing New York registration number W402BD.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint, except avers that on December 1, 2004, Alexander Navarro, an employee of the DEA, operated the motor vehicle bearing New York registration number W402BD.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration number W402BD was an official government vehicle.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing the New York registration

number W402BD was an official government vehicle.

52.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.  Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.  Defendant denies the allegations contained in Paragraph 54 of the Complaint, except avers that on December 1, 2004, the motor vehicle bearing New York registration number W402BD came in contact with plaintiff Jessyca Berroa.

55.  Defendant denies the allegations contained in paragraph 55 of the Complaint.

56.  Defendant denies the allegations contained in paragraph 56 of the Complaint.

57.  Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.  Defendant denies the allegations contained in paragraph 58 of the Complaint.

59.  Paragraph 59 of the Complaint sets forth plaintiffs' characterization of their damages in this case, to which no response is required. To the extent a response is required, defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint.

## DEFENSES

### FIRST DEFENSE

Neither defendant nor its agents and employees were negligent in any manner.

### SECOND DEFENSE

The injuries and damages alleged in the Complaint were not proximately caused by a negligent or wrongful act or omission of defendant or any agent or employee of defendant.

THIRD DEFENSE

The injuries and damages alleged in the Complaint were caused in whole or in part by individuals over whom defendant exercised no control.

FOURTH DEFENSE

In the event that defendant is found to be negligent, the negligence of plaintiffs or individuals over whom defendant exercised no control contributed to causing the alleged injuries and damages and any recovery must be proportionately reduced.

FIFTH DEFENSE

Plaintiffs' recovery, if any, may not exceed the amount presented in the administrative claims filed by plaintiffs.

SIXTH DEFENSE

Plaintiffs have no right of recovery under New York Insurance Law because they have not sustained economic loss greater than basic economic loss and they have not sustained a serious injury.

SEVENTH DEFENSE

In the event that defendant is found to be negligent, any judgment against defendant must be reduced, pursuant to C.P.L.R. § 4545, by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

EIGHTH DEFENSE

Plaintiffs failed to mitigate their damages.

WHEREFORE, defendant demands judgment dismissing the Complaint as against the United States and granting such further relief as the Court deems proper, including costs and disbursements.

Dated: July 23, 2007
      New York, New York

                             MICHAEL J. GARCIA
                             United States Attorney for the
                             Southern District of New York
                             Attorney for Defendant
                             The United States of America

                    By:    _____
                             WENDY H. WASZMER
                             Assistant United States Attorney
                             New York, New York 10007
                             Tel.: (212) 637-2729
                             Fax: (212) 637-2717

TO:    MARK L. LINDER, ESQ.
         Harmon, Linder & Rogowsky
         42 Broadway, Suite 1227
         New York, New York 10004
         Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, Wendy H. Waszmer, an Assistant United States Attorney for the Southern District of New York, hereby certify that on July 23, 2007, I caused a copy of the foregoing Answer to be served, by Federal Express, upon the following:

>MARK L. LINDER, ESQ.
>Harmon, Linder & Rogowsky
>42 Broadway, Suite 1227
>New York, New York 10004
>Attorney for Plaintiffs

Dated:   New York, New York
         July 23, 2007

_____
WENDY H. WASZMER
Assistant United States Attorney
Telephone: (212) 637-2729
Facsimile: (212) 637-2717